UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TYTUS WHITE,<br><br>      Plaintiff,<br><br>v.<br><br>A.J.M. PACKAGING CORPORATION,<br><br>      Defendant. | Case No. 21-11848<br>Honorable Laurie J. Michelson<br>Magistrate Judge Kimberly G. Altman |

**ORDER ACCEPTING REPORT AND RECOMMENDATION [64] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [27] AND RESOLVING ALL OTHER MOTIONS [54–56, 58, 60–63]**

Tytus White sued A.J.M. Packaging, alleging that it discriminated against him in violation of the Americans with Disabilities Act. (*See generally* ECF No. 1.) The case was referred to Magistrate Judge Kimberly G. Altman. (*See* ECF No. 6.)

In time, A.J.M. moved for summary judgment. (ECF No. 27.) White opposed the motion, and he filed a number of motions asking the Court to take judicial notice of additional facts or to amend the complaint. (*See* ECF Nos. 51, 54–56, 58, 60–63.) Now before the Court is Magistrate Judge Altman's Report and Recommendation recommending that A.J.M's motion for summary judgment be granted and that the case be dismissed. (ECF No. 64.)

At the conclusion of the May 18, 2023 Report and Recommendation, Magistrate Judge Altman notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 64, PageID.563.) That time has come and gone, and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 64.) It follows that A.J.M's motion for summary judgment (ECF No. 27) is GRANTED. All other motions are RESOLVED. (*See* ECF Nos. 54–56, 58, 60–63.) A separate judgment will follow.

SO ORDERED.

Dated: June 5, 2023

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE